SLIP OPINION
Cite as 2014 Ark. App. 409


# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-162

| | |
|---|---|
| | **Opinion Delivered** June 18, 2014 |
| KRISTA COLLINS | APPEAL FROM THE PULASKI |
| APPELLANT | COUNTY CIRCUIT COURT, |
| | ELEVENTH DIVISION |
| | [No. JV60-2012-1384] |
| V. | |
| | HONORABLE PATRICIA ANN JAMES, |
| ARKANSAS DEPARTMENT OF | JUDGE |
| HUMAN SERVICES AND MINOR | |
| CHILD | AFFIRMED; MOTION TO WITHDRAW |
| APPELLEES | GRANTED |

## LARRY D. VAUGHT, Judge

Appellant Krista Collins appeals the termination of her parental rights to her son, S.C. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2013), Collins's counsel has filed a no-merit brief and a motion to withdraw, alleging that there are no meritorious grounds for appeal. Collins was given an opportunity to file pro se points for reversal but declined to do so. We affirm the termination and grant the motion to withdraw.

S.C. was removed from Collins's custody in July 2012, after the Arkansas Department of Human Services (DHS) received a report that Collins and S.C. were homeless. The trial court adjudicated S.C. dependent-neglected on August 29, 2012; however, he was returned to Collins's custody at that time because it appeared that she was drug-free, stable, and an appropriate caregiver. Concerns arose in March 2013, when DHS was unable to contact or locate Collins and

learned that S.C. had been absent from daycare for a week. When DHS visited Collins's home, they did not find Collins or S.C.; instead, they discovered three men and the smell of marijuana. An emergency change of custody hearing was held March 13, 2013, at which time the trial court found that (1) Collins was not in compliance with the case plan and court orders, and (2) probable cause existed to remove S.C. from Collins's custody and return him to DHS custody.

A review/permanency-planning hearing was held on July 8, 2013, and Collins failed to attend. At the conclusion of the hearing, the trial court changed the goal of the case to termination of parental rights. The termination hearing was held in October 2013, at which time DHS offered into evidence a certified copy of a 2008 order terminating Collins's parental rights to a sibling of S.C. Additionally, a DHS caseworker testified that Collins did not comply with the case plan in that she failed to attend and complete a drug-treatment plan, she tested positive for controlled substances on two occasions, she refused other drug-screen requests, she failed to provide DHS with her contact information, she moved to another county, she failed to secure stable housing and employment, and she failed to visit S.C. for seven months.

The trial court entered an order on November 25, 2013, terminating Collins's parental rights to S.C.,[1] pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(A), (B)(vii)*(a)*, (B)(ix)*(a)(4)* (Supp. 2013).[2] In compliance with *Linker-Flores*, and Rule 6-9(i), Collins's counsel

---

[1]The trial court also terminated the parental rights of Jesse Collins and Brian Ray, the legal/putative fathers of S.C., but they are not parties to this appeal.

[2]Arkansas Code Annotated section 9-27-341(b)(3)(A)(i)–(ii) provides that an order forever terminating parental rights shall be based upon a finding by clear and convincing evidence that it is in the best interest of the juvenile, including consideration of the following factors: the likelihood that the juvenile will be adopted if the termination petition is granted; and the potential harm, specifically addressing the effect on the health and safety of the child,

has examined the record for adverse rulings and has adequately discussed why there is no arguable merit to an appeal of the decision to terminate Collins's parental rights or the single adverse evidentiary ruling. After carefully examining the record, we hold that Collins's counsel has complied with the requirements for a no-merit parental-rights-termination appeal and that the appeal is wholly without merit. We therefore affirm the termination of Collins's parental rights to S.C. and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and BROWN, J., agree.

*Suzanne Ritter Lumpkin*, for appellant.

No response.

---

caused by returning the child to the custody of the parent, parents, or putative parent or parents. At least one ground supporting termination is also required. *Id.* at § 9-27-341(b)(3)(B). In the case at bar, the trial court relied on section 9-27-341(b)(3)(B)(vii)*(a)* (other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent) and section 9-27-341(B)(ix)*(a)(4)* (the parent is found by a court of competent jurisdiction, including the juvenile division of circuit court, to have had her parental rights involuntarily terminated as to a sibling of the child).